Alvino GONZALES, Appellant,

v.

The STATE of Texas, State.

No. 2–84–168–CR.

Court of Appeals of Texas, Fort Worth.

April 11, 1985.

Morehead, Sharp & Tisdale, Tom Boyd, Plainview, for appellant.

Ron Felty, Dist. Atty., Plainview, for appellee.

Before FENDER, C.J., and ASHWORTH and SPURLOCK, JJ.

OPINION

FENDER, Chief Justice.

Appellant was convicted by a jury of the offense of aggravated kidnapping. TEX. PENAL CODE ANN. sec. 20.04 (Vernon Supp.1981). The jury assessed punishment at thirty-five years confinement in the Texas Department of Corrections.

We affirm.

In his sole ground of error, appellant contends that the trial court committed reversible error in overruling appellant's objection to the in-court identification of ap-

pellant by the complaining witness because the in-court identification was unduly influenced by an illegal pretrial identification procedure.

Prior to trial of this cause, appellant filed a motion to suppress illegal identification, a hearing was held on the motion and the evidence presented reflected that the complaining witness, A____ H____, was abducted from a convenience store by appellant after he took the money from the cash registers in the store. As A____ H____ was forced by appellant into his car, she observed that the car had a license number of AZM267. Appellant drove A____ H____ to a secluded spot, sexually assaulted her and, subsequently released her a few blocks from her home. A____ H____ gave police a description of the automobile and the license number. A vehicle license number check revealed that the registered owner of the vehicle lived at 909 Fir Street in Plainview, Texas. Officers proceeded to that address and found the vehicle parked in back of the residence and appellant asleep in the front seat.

While at the hospital a few hours after the alleged offense, A____ H____ was shown a photo spread. She selected appellant's photograph, but said she could not be positive because his hair was so long. After appellant was taken into custody, his picture was made which was included in a second photo spread shown to A____ H____ at the police station. A____ H____ selected the recent photograph of appellant and positively identified him as her assailant. Shortly after the second photo identification, a line-up was conducted at which time A____ H____ again positively identified the appellant as her assailant.

Appellant contends that the photographic display was impermissibly suggestive because the second display included nine pictures, two of which were appellant, one being the 1978 photograph of him with shoulder length hair, the other, the recent photograph of appellant with short hair. Six of the pictures were a slightly larger size than the picture of appellant made immediately prior to the second photographic display. Two other pictures were the same size. All pictures shown were of individuals wearing shirts except for the recent picture of appellant, in which he was not wearing a shirt, thereby exposing tatoos on his chest. We find no merit to appellant's argument.

In *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968), the Supreme Court stated the general rule in cases such as the one before us:

> "[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

*See also, Turner v. State*, 614 S.W.2d 144, 145–146 (Tex.Crim.App.1981).

In the instant case, we do not find the photographic identification process impermissibly suggestive. The photographs displayed depict young Hispanic males of similar physical characteristics. A____ H____ selected appellant's photograph from the first photo display, but because of the length of his hair in the picture, she could not be positive. However, A____ H____ positively identified the recent photograph of appellant in the second photo display. A comparison of the two photographs of appellant reveals an extreme difference in hair length and in appellant's appearance in the photographs. Further, the fact that appellant was not wearing a shirt does not render the identification procedure improperly suggestive. There is no suggestion that the officer displaying the photographs in any way attempted to influence A____ H____ to identify any photograph. A____ H____ was unwavering in her identification of the recent photograph of appellant. Further, there is no indication that the difference in size of the

photographs prejudiced the identification procedure in any manner.

Because we do not find the photographic display impermissibly suggestive, we overrule appellant's ground of error.

The judgment is affirmed.